[No. 34399. Department One. August 14, 1958.]

EVELYN THOMESEN, *Appellant*, v. ELEANOR PARKER HALES, *Respondent.*[1]

[1]Reported in 328 P. (2d) 697.

*Hawkins & Loy,* for appellant.
*Tunstall & Hettinger,* for respondent.

HILL, C. J.—The principal issue presented is whether the owner-lessor of a business building (five partial levels devoted to the parking of automobiles with ground-floor offices, or stores, occupied by subtenants) desired to re-lease the building at the time a certain lease terminated.

The lessee had secured an option from the owner-lessor to re-lease for a five-year period, under terms not here material, which option stated that it was to be operative only if the lessors "their successors or assigns, desire to re-lease said premises."

The lease was to expire April 30, 1954. The owner-lessor notified the lessee July 17, 1953, that the premises would not be re-leased, and that the lessee's right would terminate upon the expiration of the lease. The lessee had earlier given notice that the option to re-lease would be exercised.

When the lease terminated, the lessee vacated the premises. It is established beyond dispute that the owner, who spent very little time in the city where the building was located, operated the building through a manager for two years, and that such operation was not financially successful; that she began negotiations for the sale of the property in March, 1956, and entered into a one-year lease with the prospective purchasers May 1, 1956.

This action was commenced by Evelyn Thomesen, who had succeeded to the interest of the original lessees and optionees, to recover damages from Eleanor Parker Hales, who had succeeded to the interest of the original owner-lessor and who had been one of the optionors, for breach of the option agreement.

From the facts, as we have outlined them and they are undisputed, it seems clear to us, as it did to the trial court, that there was no evidence from which a jury could

find or infer that Mrs. Hales desired to re-lease the premises at the termination of the lease. The trial court quite properly took the case from the jury, as there was no evidence to support a verdict for the plaintiff (the appellant here).

There is no merit to the appellant's contention that the option extended for a period of five years from the expiration of the lease, April 30, 1954, and, if there was any leasing of the premises within that period, an offer to re-lease had to be made to the appellant. The unambiguous language of the option lends no support to such a contention. The option was desired because the lessee (who had gasoline pumps and other equipment on the premises) desired "certain security if parties of the first part [lessors] should desire to re-lease said premises . . ."

The necessity for such "security" terminated with the vacation of the premises by the lessee, and her sale of the pumps and equipment. The option clearly relates to a lease for a five-year period, after the expiration of the existing lease, April 30, 1954, if the lessor-optionor elected to re-lease at that time. It cannot be tortured into an option to re-lease to optionee any time within five years after that date, if the lessor-optionor decided to re-lease within that period.

The appellant further urges that she should have been permitted to show

"That at and prior to the execution of said option defendant and her predecessors represented to the plaintiff [appellant] that the defendant [respondent] would operate said premises herself only if it became desirable to utilize said premises exclusively for the benefit of the tenants of the Larson Building."

As we said in *Mapes v. Santa Cruz Fruit Packing Corp.* (1946), 26 Wn. (2d) 145, 151, 173 P. (2d) 182,

"No citation of authorities is necessary to justify the well-established rule that parol evidence is not admissible to vary the terms of a written instrument."

Appellant urges that she has offered to prove a condition precedent. We have recognized, as stated in 1

Restatement, Contracts, 340 § 241, that where parties to a written contract

". . . agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith."

See *Mapes v. Santa Cruz Fruit Packing Corp., supra.*

If we assume the sufficiency of the offer of proof—it being very general in its terms and not an offer to prove by a particular witness then available—it is apparent that it is not an offer to prove a condition precedent, but it is an attempt to vary the terms of a clear and unambiguous agreement by changing it from an option to re-lease, if the owner-lessor desires to re-lease, to a definite agreement to re-lease, unless the owner-lessor found it desirable to utilize the garage exclusively for the benefit of tenants of the Larson building. Moreover, the proffered testimony is clearly inconsistent with the terms of the option.

The order dismissing the action, at the conclusion of the plaintiff's case, is affirmed.

MALLERY, FINLEY, OTT, and HUNTER, JJ., concur.